KOBAYASHI SUGITA & GODA, LLP
JOSEPH A. STEWART          7315
AARON R. MUN                9779
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Phone (808) 535-5700
jas@ksglaw.com arm@ksglaw.com

WEISBERG & MILLER
CHRISTIAN FENTON           8727
665 Chestnut Street, Third Floor
San Francisco, California 94133
Phone (415) 296-7070
cfenton@wmlawfirm.com

Attorneys for Plaintiffs
HANS FRANKE and LOUISE FRANKE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANS FRANKE, an individual; and LOUISE FRANKE, an individual, <br><br>          Plaintiffs<br>   vs.<br><br>JULIA A. YATES, an individual; DENNIS YATES, an individual; CRC II, INC. FKA CLARK REALTY CORPORATION, a Hawaii Corporation; and Does 1 through 50, inclusive,<br><br>          Defendants. | Civil No. 19-00007 DKW-RT<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT CRC II, INC. FKA CLARK REALTY CORPORATION'S MOTION TO DISMISS COMPLAINT FOR PLAINTIFFS' FAILURE TO ENGAGE IN MEDIATION; DECLARATION OF CRAIG S. MILLER; DECLARATION OF HANS FRANKE; CERTIFICATE OF SERVICE<br><br>Hearing<br>June 28, 2019<br>9:30 a.m.<br>Honorable Derrick K. Watson |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT CRC II, INC. FKA CLARK REALTY CORPORATION'S MOTION TO DISMISS COMPLAINT FOR PLAINTIFFS' FAILURE TO ENGAGE IN MEDIATION

I.  **INTRODUCTION**

Plaintiffs Hans Franke and Louise Franke ("Frankes"), by and through their undersigned counsel, oppose Defendant CRC II, INC. FKA CLARK REALTY CORPORATION ("CRC Inc.")'s Motion to Dismiss Complaint for Plaintiffs' Failure to Engage in Mediation, filed March 15, 2019 ("Motion"). [ECF No. 15].

Contrary to CRC Inc.'s contention, mediation is not a "condition precedent" to filing a lawsuit under the Listing Agreement. Conditions precedent are not favored by the law and will not be read into a contract absent clear and unambiguous language. That does not exist here. Further, given the past conduct of Julia Yates (CRC II's representative), it is apparent that mediation would be futile and CRC Inc.'s demand disingenuous. For all of these reasons, this Motion should be denied.

II. **ARGUMENT**

A.  **Mediation is not a "condition precedent" to filing a lawsuit.**

Contrary to CRC Inc.'s contention, mediation is not a "condition precedent" to filing a lawsuit under the Listing Agreement.

"[A] condition precedent is disfavored and will not be read into a contract unless required by plain and unambiguous language." Frost-Tsuji Architects v. Highway Inn, Inc., No. CIV. 13-00496 SOM/BM, 2014 WL 4237285, at *11 (D.

1

Haw. Aug. 26, 2014) (citing Effects Associates, Inc. v. Cohen, 908 F.2d 555, 559 n.7 (9th Cir. 1990)); see also Southland Corp. v. Emerald Oil Co., 789 F.2d 1441, 1444 (9th Cir. 1986) ("it is the law of this circuit . . . that 'conditions precedent are not favored and the courts will not construe stipulations as conditions unless required to do so by plain, unambiguous language.'") (quoting In re Bubble Up Delaware, Inc., 684 F.2d 1259, 1264 (9th Cir.1982)). "[G]iven that conditions precedent are not favored by the law, [they] are to be strictly construed against one seeking to avail himself of them[.]" Carvalho v. Equifax Info. Services, LLC, 629 F.3d 876, 891 n.11 (9th Cir. 2010) (internal quotation marks omitted).

Consistent with the above-principles, courts have held that mediation is not a condition precedent to filing a lawsuit absent clear, express, and unequivocal language saying so.

For example, in Mario & Di Bono Plastering Co., Inc. v. Rivergate Corp., 527 N.Y.S.2d 417 (N.Y. App. Div. 1988), a subcontractor sued a general contractor for claims related to the construction of a residential apartment building. The general contractor moved to dismiss the complaint on the basis that the plaintiff failed to submit the dispute to the architect for mediation per the parties' contract, which "provided that 'any claim, dispute or other matter in question between the Subcontractor and the General Contractor' was to be "first submitted by the claiming party . . . in writing to the Architect[.]" Id. at 418. The lower court

granted the defendant's motion and dismissed the complaint finding that the subcontractor failed to submit the claims to the Architect prior to filing suit. The appellate court reversed, however, and reinstated the complaint. Specifically, the court concluded, "[a] careful reading of the applicable sections of the agreement establishes that *although* its terms require submission of a claim to the architect, there is *no clear indication that this is a necessary prerequisite to the commencement of litigation*." Id. (emphasis added). The court further explained, "[i]n the *absence of such a clear, express and unequivocal condition precedent*, we decline to hold that plaintiff has waived its right to a day in court to litigate its claims against the general contractor, particularly since the provision for submission to the architect is, at best, a mediation—and not an arbitration—process." Id. at 418–19 (emphasis added).

Similarly, in Kissimmee Health Care Associates v. Garcia, 76 So.3d 1107 (Fla. Dist. Ct. App. 2011), the defendant moved to dismiss a complaint on the basis that the plaintiff failed to mediate its claims prior to filing suit. The mediation requirement was based on a statute, which stated that the parties "shall meet in mediation to discuss the issues of liability and damages . . . At the conclusion of mediation, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit." Id. at 1109 (quoting Fla. Stat. Ann. § 400.0233(11)). The court denied the defendant's motion

explaining that, despite the use of the mandatory term "shall," "subsection (11) ***does not expressly state that mediation is a condition precedent to filing suit*****.**" Id. at 1109 (emphasis added); see also Dreamstone Entm't Ltd. v. Maysalward Inc., No. 2:14-CV-02063-CAS, 2014 WL 4181026, at *8 (C.D. Cal. Aug. 18, 2014) (although the defendant sought dismissal of the complaint for failure to mediate per the parties' agreement, which provided "in the event a dispute shall arise between the parties … the parties agree to participate in at least four hours of mediation," the court agreed with the plaintiff that "***absent an explicit statement that mediation was a condition precedent for filing suit*** or procedures or time parameters for mandatory mediation, they were not required to mediate before filing suit" and held that "mediation was ***not a condition precedent*** for filing suit.") (emphasis added).

    Here, the mediation provision cited by CRC Inc. does not clearly and unambiguously state that mediation is a condition precedent to the Frankes' right to file suit.  The provision at issue provides, in relevant part:

> If any dispute or claim in law or equity arises out of this Contract, and the parties are unable to resolve the dispute, Seller agrees to attempt in good faith to settle such dispute or claim by non-binding mediation through the Local Board of REALTORS or, in the event the Local Board of REALTORS does not provide mediation services, then through a mutually agreed upon mediator.  If mediation is not successful, then Seller will consider arbitration and may seek legal counsel to make this determination.

See Listing Agreement ¶ 14(c), a copy of which is attached as Exhibit C to CRC Inc.'s Motion.

Like the mediation provisions in the above-cited cases, Paragraph 14(c) of the Listing Agreement does not explicitly and unambiguously state that mediation is a condition precedent to filing suit.  In fact, it is completely silent as to either party's right or ability to file suit against the other.  Further, because condition precedents are disfavored by the law, one should not be added into the parties' agreement here.

The authorities relied upon by CRC Inc. are meaningfully distinguishable and, in at least one instance, misquoted.  For example, CRC Inc. quotes the following from Target Corp. v. Wolters Kluwer Health, Inc., No. CV 15-6350-AB (FFMX), 2015 WL 12646483 (C.D. Cal. Dec. 16, 2015): "An alternate dispute resolution provision is considered a condition precedent to filing a lawsuit."  See Motion at p.4.  However, what Target Corp. *actually* states is: "An alternative dispute provision *(such as Section 10)* is considered a condition precedent to filing lawsuit." Target Corp., 2015 WL 12646483, at *5 (emphasis added).  CRC Inc.'s omission is telling because the mediation provision in Target Corp. (i.e. Section 10) expressly stated that the parties were required to mediate *before pursuing litigation*: "[a] party must follow and participate in the [mediation] processes outlined in Sections 10.1 and 10.2 above *before pursuing litigation* or any other

5

remedy." Id. at *2 (emphasis added) (quoting Section 10.3). That is not the case here; such explicit language is not found in Paragraph 14(c).

Similarly, CRC Inc.'s reliance on Brooks v. Caswell, No. 3:14-CV-01232-AC, 2015 WL 5178080 (D. Or. Sept. 3, 2015) is misplaced. While Brooks does state that "[w]here a contract requires mediation as a condition precedent to litigation, courts may dismiss the claim," id. at *4, the agreement at issue expressly stated that mediation was required before litigation: "[i]f any . . . claim arises out of or relat[es] to this Agreement, the Parties agree first to try in good faith to settle the dispute by non-binding mediation ***before resorting to*** . . . ***litigation***." Id. at *4 (emphasis added) (brackets in the original). Again, here, such explicit language is not contained in Paragraph 14(c).

Based on the foregoing, mediation is not a "condition precedent" to filing a lawsuit under the Listing Agreement and this Motion should be denied.

### B. Mediation is futile given Ms. Yates' past conduct.

The fact that mediation is not a "condition precedent" to filing a lawsuit under the Listing Agreement is dispositive for purposes of this Motion. However, it is worth noting that mediation would be nothing more than a futile endeavor given the history of this dispute.

In 2016, two years before the Yateses sued the Frankes in Nevada, the parties engaged in multiple discussions and efforts to resolve the underlying

6

1654451_3

dispute as to the $139,951.00 escrowed funds.  See Hans Franke Decl.  These efforts appeared promising and nearly resulted in a mutual settlement.  The parties retained separate counsel to represent them in the negotiations and, eventually, after mutual revisions were made, a settlement agreement was drafted under which Ms. Yates was to receive $116,555.59.  See Hans Franke Decl.  The Frankes even set this money aside in a separate trust account.  See Hans Franke Decl.  Unexpectedly, however, and for reasons that remain a mystery to this day, Ms. Yates' attorney refused to have the agreement executed at the eleventh hour.  See Hans Franke Decl.  The Frankes then heard nothing from Ms. Yates for nearly two years until they were served with the Nevada state court complaint in 2018.  See Hans Franke Decl.

    Despite the fact that the Ms. Yates had failed to complete the 2016 settlement negotiations, and despite just having been blindsided by the Nevada complaint filed by Ms. Yates and her husband, the Frankes retained counsel in order to attempt to resume settlement negotiations with the Yateses.  In fact, the Frankes offered the Yateses settlement monies prior to having to respond to the complaint and incurred attorney's fees in an effort to resolve the dispute in good faith.  See Craig Miller Decl.  However, instead of making a counter or continuing negotiation, the Yateses slammed the door on the Frankes and instead told them to file their response.  See Craig Miller Decl.

As illustrated above, the Yateses have no intention of resolving this dispute in good faith.  Ms. Yates was the listing agent representing the Frankes and she worked under the CRC II real estate firm (fka Clark Realty Corp.).  Ms. Yates' conduct is imputed onto CRC II.  As a practical reality, any potential resolution of this matter via mediation would necessarily require meaningful participation by the Yateses (in addition to CRC II).  However, given the Yateses' track record in past negotiations, the Frankes quite frankly doubt their capacity to mediate in good faith.

In addition, CRC Inc.'s demand for mediation is disingenuous.  On the one hand, CRC Inc. contends that all claims, including those related to Julia Yates' claims, are "subject to the mediation requirement discussed above."  <u>See</u> Motion at 9.  Yet four months before the present lawsuit was filed, Julia Yates sued the Frankes in Nevada state court after flaking out on the verge of the parties' settlement and disappearing for two years without explanation.  It would be fundamentally unfair (and a waste of time) to force the Frankes and CRC Inc. into non-binding mediation where Julia Yates, CRC Inc.'s representative and agent, (and who has asserted claims against the Frankes in Nevada) has shown no ability or desire to meaningfully participating in that process.

Notwithstanding the foregoing, the Frankes are open to considering mediation of this matter with all parties involved as long as the Yateses represent

to the Court that they will do so in good faith. In any event, however, dismissal of the present action is not proper.

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny the present Motion.

Dated: Honolulu, Hawaii, June 7, 2019.

>　　　　　　　　　　　　　/s/ *Joseph A. Stewart*
>　　　　　　　　　　　　　JOSEPH A. STEWART
>　　　　　　　　　　　　　AARON R. MUN
>
>　　　　　　　　　　　　　CHRISTIAN FENTON
>
>　　　　　　　　　　　　　Attorneys for Plaintiffs
>　　　　　　　　　　　　　HANS FRANKE and LOUISE FRANKE