# MINUTES

| | |
|---|---|
| CASE NUMBER: | 1:19-cv-00007-RT |
| CASE NAME: | Hans Franke, et al. v. Julia A. Yates, et al. |
| ATTYS FOR PLAS: | Randall Schmitt* |
| ATTYS FOR DEFTS: | Stephanie Thompson* |
| | Janice Futa |
| | Jason Tani* |
| | Alyssa Simbahon |
| | Bryan Harada* |

| | | | |
|---|---|---|---|
| JUDGE: | Rom Trader | REPORTER: | AT&T |
| DATE: | 03/24/2022 | TIME: | 1:30 - 2:30 p.m. |

COURT ACTION:   EP: TELEPHONIC MOTION HEARING held.

Motion Hearing held regarding:

- ECF [190] *Defendants and Counterclaim Plaintiffs Julia A. Yates and Dennis Yates' Motion in Limine No. 1 To Preclude Evidence and Testimony Regarding Issues Requiring Expert Testimony* ("Motion in Limine No. 1");

- ECF [191] *Defendants and Counterclaim Plaintiffs Julia A. Yates and Dennis Yates' Motion in Limine No. 2 To Preclude Evidence and Testimony on the Realtor Code of Ethics* ("Motion in Limine No. 2");

- ECF [192] *Defendants and Counterclaim Plaintiffs Julia A. Yates and Dennis Yates' Motion in Limine No. 3 Re: Exclusion of Witnesses* ("Motion in Limine No. 3"); and

- ECF [193] *Defendants and Counterclaim Plaintiffs Julia A. Yates and Dennis Yates' Motion in Limine No. 4 to Preclude Admission of Evidence of HRS Ch. 480 Claims* ("Motion in Limine No. 4").

Court takes judicial notice of its records and files, including the *Complaint* ECF [1], *Counterclaim* ECF [55], *Motions in Limine* ECF [190-193], *Memoranda in Opposition* ECF [197-200], all exhibits and applicable legal authority.

Arguments heard.

Having carefully considered the merits of the instant *Motions*, within the context of the record, applicable legal authority and arguments of counsel, the Court rules as follows:

*Motions in Limine No. 1* **and** *No. 2*:

**DENIED.**

Defendants and Counterclaim Plaintiffs ("Defendants") seek to preclude Plaintiffs from presenting testimony or evidence relating to:

   a) the applicable standard of care for licensed real estate brokers and agents;
   b) alleged violation of the standard of care; and
   c) the fair market value and fair market rental value of the subject property.

Defendants contend that this evidence requires expert testimony. The Court disagrees. The Court adopts the arguments and authorities relied upon by Plaintiffs. The Court finds that unlike medical malpractice cases or those involving highly technical, scientific or complex matters, the facts, circumstances and anticipated issues in this case are well within the common understanding of a lay jury.

### *Standard of Care:*

The standards of care for licensed real estate professionals are well-established by statute, regulations and professional codes. Defendants' own deposition testimony generally acknowledges that at least one code of ethics applied to their work as licensed real estate professionals. Lay jurors have the capacity to understand these standards and based on the specific facts and claims in this case, they are able to decide whether applicable ethical principles or standards of practice may have been violated.

### *Value of the Property:*

Property owners are generally permitted to provide lay opinion testimony as to the value of their own property. This however is not without limitation. As set forth during the hearing, the Court limits lay testimony by Plaintiffs as follows:

   a.   As to the fair market value of the property, Plaintiffs may provide testimony about the original purchase price in 2005 and the final sales price in 2016. This does not prevent Plaintiffs from introducing otherwise admissible factual information concerning the value of the property, to include Hawaii County's assessed property value, the value of comparable properties and the like.

   b.   As to fair market rental value, Plaintiffs may provide testimony about the rent as

agreed to by the parties or as actually paid by Defendants during the relevant time period.  This does not prevent Plaintiffs from introducing otherwise admissible factual information concerning the rental value of the property.

*Motion in Limine No. 3:*

**GRANTED IN PART and DENIED IN PART.**

Court accepts Plaintiffs' representation that they will not call any of the witnesses identified in the motions, except for Theodore Klasse.  Plaintiffs failed to properly and timely name Mr. Klasse as a witness.  This witness was not identified in Plaintiffs' initial disclosures and only identified in their final pretrial statement.

GRANTED as to witness, Theodore Klasse.  Court adopts the arguments and authorities relied upon by Defendants.

DENIED as to all other witnesses identified in Motion in Limine No. 3.

*Motion in Limine No. 4:*

**DENIED.**

Court accepts Plaintiffs' representation that they have not asserted a claim based upon Chapter 480, Hawaii Revised Statutes.  While Plaintiffs do not agree that they will forego the possibility of requesting an amendment to conform to the evidence at trial to add such a claim, given Defendants' objections, the Court would not be inclined to permit such an amendment.

**These minutes will stand in place of a separate written order.**

Discussion had concerning finalizing proposed jury questionnaire.  Parties directed to provide a revised list of possible witnesses for Question No. 34 by 3/29/2022.

Court suggested parties consider streamlining claims for trial.

*Submitted by: Lian Abernathy, Courtroom Manager*